IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| MICHAEL BRANDON ADAMS ) | |
|     Plaintiff, ) | |
| v. ) | Docket No. 1:15-cv-00115 |
| ) | Chief Judge Crenshaw/Frensley |
| TENNESSEE DEPARTMENT OF ) | |
| CORRECTIONS, et al. ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the court upon the pro se Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. Docket No. 162. Plaintiff has filed a supporting memorandum of law with attachments (Docket No. 163) and his supporting declaration (Docket No. 164). The CoreCivic Defendants have filed a Response in Opposition. Docket No. 168. For the reasons set forth herein, the undersigned recommends that the Plaintiff's Motion be DENIED.

## BACKGROUND

The Plaintiff is a pro se prisoner who brought this action pursuant to 42 U. S. C. § 1983. Plaintiff alleges that on February 5, 2015, he was found guilty following a disciplinary hearing of various prison offenses. Docket No. 163, p. 1. Plaintiff filed an inmate grievance on March 26, 2015 alleging misconduct against certain prison guards related to the alleged confiscation of legal material pertinent to litigation being pursued by the Plaintiff. *Id.* at p. 2. On April 1, 2015, Plaintiff was transferred to the Whiteville Correctional Facility ("WCF") and advised that his transfer was due to his disciplinary conviction. *Id.* On May 14, 2015, he was transferred to South Central Correctional Facility ("SCCF"). *Id.* Both of these facilities are operated by CoreCivic. On July 5, 2015, Plaintiff was notified that the disciplinary conviction had been overturned and removed

from the Prison Reporting System. *Id.* On January 19, 2016, Plaintiff was transferred to the Turney Center Industrial Complex ("TCIX"). *Id.*

Plaintiff alleges that his transfer to WCF was in retaliation for his family raising concerns to "certain political figures, as well as Defendant Lewis" regarding the confiscation of his legal materials. *Id.* He asserts that once his disciplinary conviction was overturned he should have been reclassified and returned to Riverbend per TDOC policy. *Id.* at p. 4. He brought this action seeking to be returned to his original institution under his prior classification arguing there was "no legit reason from the side of defendants to justify the malicious transfer and cloaking it as a 'disciplinary' transfer." *Id.* at p. 11.

In the Court's review of Plaintiff's complaint and pursuant to 28 U. S. C. 1915(A), the Court allowed *inter alia,* the claim that he had been denied an appropriate security classification to proceed. In the motion now before the court, Plaintiff asks that he "be reclassified back to his original custody level of "minimum trusty;" that he be returned to Riverbend Maximum Security Institution and be placed back into the brick masonry class or alternatively that he be transferred to Lois M. DeBerry Special Needs Facility and that the Defendants not engage in any acts of retaliation. Docket No. 162.

## ANALYSIS

The moving party has the burden of proving that the circumstances "clearly demand" a TRO or a Preliminary Injunction. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't.*, 305 F. 3d 566, 573 (6th Cir. 2002). The court must balance four factors in deciding whether to issue a preliminary injunction or TRO "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether

2

issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retied Employees Ass'n. v. Schimmel*, 751 F. 3d 427, 430 (6th Cir. 2014)(*en banc*)(internal quotation marks omitted).

These four factors are "factors to be balanced, not prerequisites that must be met." *Michael v. Futhey*, 2009 WL 4981688, at *17 (6th Cir., December 17, 2009)(quoting *Six Clinics Holding Corp., II v. Cafcomp Systems*, 119 F. 3d 393, 400 (6th Cir. 1997)). Nonetheless, it remains that the hallmark of injunctive relief is the likelihood of irreparable harm. *Patio Enclosures, Inc. v. Herbst*, 39 Fed. Appx. 964, 967 (6th Cir. 2002)("[t]he demonstration of some irreparable injury is a *sine qua non* for issuance of an injunction."); *see also Winter v. Natural Resources Defense Council, Inc.,* 555 U. S. 7, 22-23, 129 S. Ct. 365, 172 L. Ed 2d 249 (2008)(rejecting the notion that a mere "possibility" of irreparable injury was sufficient for a preliminary injunction and holding that "plaintiffs seeking preliminary relief [are required] to demonstrate that irreparable injury is *likely* in the absence of an injunction")(emphasis in original). "A finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzalez v. National Board of Medical Examiners*, 225 F. 3d 620, 625 (6th Cir. 2000).

The plaintiff bears the burden of demonstrating his entitlement to a preliminary injunction, and his burden is a heavy one. Injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't.*, 305 F. 3d 566, 573 (6th Cir. 2002). Further, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must be cognizant of the unique nature of the prison setting. *See, Kendrick v. Bland*, 740 F. 2d 432, 438, n. 3 (6th Cir. 1984).

3

As an initial matter, as the CoreCivic defendants note, it is well established that a "prisoner's requests for injunctive or declaratory relief is moot upon transfer to a different facility." *Kensu v. High*, 87 F. 3d 172, 175 (6th Cir. 1996). Plaintiff has admitted and the court has previously noted that he is no longer incarcerated at Whiteville Correctional Facility or at South Central Correctional Facility. For this reason, the undersigned recommends that Plaintiff's request for injunctive relief against the CoreCivic defendants be DENIED.

Considering the preliminary injunction factors as to the remaining defendants, all four factor weigh against granting injunctive relief. First, Plaintiff has not shown any irreparable injury, nor has he shown any real threat of immediate injury. The law is clear that inmates have no constitutional right to be incarcerated in any particular institution or to be held in a specific security classification. *Olim v. Wakinekona,* 461 U. S. 238, 245-46, 103 S. Ct. 1741, 75 L. Ed 2d 813 (1983); *Moody v. Daggett,* 429 U. S. 78, 88, n. 9, 97 S. Ct. 274, 50 L. Ed 2d 236 (1976); *Meachum v. Fano,* 427 U.S. 215, 225, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976). Furthermore, in order to raise a due process interest the plaintiff must allege that, by virtue of the alleged acts of the defendants his sentence is extended or he suffered "atypical or significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U. S. 472, 484, 115 S. Ct. 2293, 132 L. Ed 2d 418 (1995).

Although a federal court has the authority to order a state to transfer a prisoner in the rare and extreme situation where an inmate's life is imminent or grave danger *See e. g. Walker v. Lockhart*, 713 F. 2d 1378, 1383 (8th Cir. 1983); *Streeter v. Hopper*, 618 F. 2d 1178, 1182 (5th Cir. 1980), plaintiff's allegations regarding his security classification and placement do not constitute grounds upon which this court can find that a transfer is warranted. *See e. g., City of Los Angeles v.*

4

*Lyons*, 461 U. S. 95, 102, 103 S. Ct. 1660, 75 L. Ed 2d 675 (1983)(explaining that irreparable harm must be both "real and immediate," not "conjectural" or "hypothetical."). Plaintiff has not pled that he is in imminent or grave danger at the institution where he has been housed.

Second, plaintiff's motion fails to make an argument of his likelihood of success on the merits. Plaintiff's reliance upon a finding by Judge Haynes in this matter, (Docket No. 136) that "Plaintiff's confinement at SCCC may impose a 'atypical and significant hardship'" is far from establishing a substantial probability on the merits, especially given the fact that Plaintiff is no longer confined at SCCC.

Finally, the third and fourth elements of the analysis also weigh against granting the preliminary injunctive relief on the above claims. It is generally in the best interest of all if courts do not become involved in the day to day prison operations. Moreover, the court's intervention in internal prison operations without an urgently compelling and extraordinary reason is viewed as against the public interest. *Lang v. Thompson*, 2010 WL 4962933, at *7 (E. D. Ky. 2010)("[j]udicial interference in necessarily disruptive, and absent a sufficient showing of a violation of constitutional rights, the public welfare suffers if such extraordinary relief is granted in the prison context.").

For the foregoing reasons, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Docket No. 162) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said

objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

                                      **JEFFERY S. FRENSLEY**
                                      **U. S.   Magistrate Judge**

6

Case 1:15-cv-00115   Document 199   Filed 01/11/18   Page 6 of 6 PageID #: 891